UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

UNITED STATES OF AMERICA :

      - v. - :

JOFRE SANTANA, :
    a/k/a Maximilliano Torres Torres,

                Defendant. :

                                        :

**GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

19 Cr. 195 (KMK)

------------------------------------ x

        The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of JOFRE SANTANA, (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about January 21, 2022.

### I. Background

      1.      On or about March 20, 2019, JOFRE SANTANA a/k/a Maximilliano Torres Torres (the "Defendant"), among others, was charged in three counts out of a five-count Indictment, 19 Cr. 195 (KMK) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and aggravated identity theft in violation of Title 18, United States Code, Sections 1028A and 2 (Count Five).

      2.      The Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any and all property, real and personal, that constitutes, or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not

limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment.

3. The Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant.

4. On or about January 21, 2022, the Defendant pled guilty to Counts One and Five of the Indictment.

### The Order of Forfeiture

5. On or about January 21, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture") (D.E. 78) imposing a $509,413.12 money judgment against the Defendant (the "Money Judgment").

6. To date, the full amount of the Money Judgment against the Defendant remains unpaid.

### The Location of Additional Assets

7. As set forth in the Declaration of Ryley Mansfield, Special Agent for the United States Secret Service, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant.

8. However, the United States has located the following asset of the Defendant seized pursuant to a federal search and seizure warrant:

   a. $8,980 in United States currency seized on or about August 16, 2018, from the Defendant's residence in Yonkers, New York,

2

(the "Substitute Asset").

9. The Substitute Asset is currently in the custody of the United States Secret Service pending entry of a final order of forfeiture.

10. As a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense charged in Count One of the Indictment. The United States is now seeking to forfeit the Defendant's interest in the Substitute Asset and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

### III. Discussion

11. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the Defendant" any property

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the Defendant, up to the value of any property" so transferred or moved by the Defendant.

12. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:

(B) is substitute property that qualifies for forfeiture under an applicable statute.

3

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

13. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the Defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

14. For the foregoing reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

4

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Asset to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
April 22, 2024

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York

By: \_\_\_\_/s/_____
      Jamie Bagliebter
      Christopher D. Brumwell
      Assistant United States Attorney
      26 Federal Plaza
      New York, New York 10278
      (212) 637- 2236/2477

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

JOFRE SANTANA,
    a/k/a Maximilliano Torres Torres

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

19 Cr. 195 (KMK)

        WHEREAS, on or about March 20, 2019, JOFRE SANTANA a/k/a Maximilliano Torres Torres (the "Defendant") among others was charged in three counts out of a five-count Indictment, 19 Cr. 195 (KMK) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud in violation of Title 18, United States Code, Section 1343 and 2 (Count Two); and aggravated identity theft in violation of Title 18, United States Code, Sections 1028A and 2 (Count Five);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any and all property, real and personal, that constitutes, or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

1

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about January 21, 2022, the Defendant pled guilty to Counts One and Five of the Indictment;

WHEREAS, on or about January 21, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture") imposing a $509,413.12 money judgment against the Defendant (the "Money Judgment") (D.E. 78);

WHEREAS, to date the full amount of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

    a.    $8,980 in United States currency seized on or about August 16, 2018, from the Defendant's residence in Yonkers, New York,

(the "Substitute Asset").

2

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Department of the Treasury (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts

supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York

_____May 3_____, 2024

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4